TRAVELERS INDEMNITY COMPANY, Appellant,

v.

Alfred NIELSON, Appellee.

No. 16363.

United States Court of Appeals Eighth Circuit.

April 28, 1960.

Paul Ahlers, Des Moines, Iowa, for appellant.

Charles E. Cornwell, Mason City, Iowa, for appellee.

Before GARDNER, WOODROUGH and BLACKMUN, Circuit Judges.

GARDNER, Circuit Judge.

This action was brought by appellee against appellant to recover under a liability insurance policy issued by appellant. The parties will be referred to as they were designated in the trial court.

In his complaint plaintiff alleged that two actions had been commenced against him, one by Leonard M. Easley and one by Easley's wife, claiming damages as the result of an explosion which occurred on or about January 15, 1956, it being alleged that the explosion was the result of negligence on the part of plaintiff who did some excavating work in front of the Easley home on or about September 7, 1955. Plaintiff's complaint further alleged that plaintiff demanded that defendant defend the actions but defendant refused to do so and plaintiff was required to pay certain amounts in settlement of said actions and certain amounts as attorney's fees for defending the same; that said payments were items which the insurance policies covered, and that the defendant should have defended the actions and paid the amounts required. The complaint alleged that the agent of defendant, at the time of the delivery of each of the policies, assured the plaintiff that he was fully covered as to the operations and classifications set forth in the policies for liability arising from his operations. The prayer of the complaint asked that the court find that the policies did in fact cover the situation and that if they did not that they be reformed so as to make the same cover the plaintiff as to the effect of the liability in question; that the defendant was estopped to deny that the policies afford coverage, and that the plaintiff have judgment for the amount expended by him.

The answer of defendant to plaintiff's complaint raised many defenses, only one of which is involved in this appeal, that being that the "products hazard" exclusion made the accident one which was not covered by the policy.

Plaintiff was an excavating contractor doing business in Mason City, Iowa, and since 1941 had carried his liability insurance with defendant which was written by the Ralph Lloyd Jones Company. The action was tried to the court without a jury and on the evidence and proofs adduced the court found the controlling issues in favor of the plaintiff and against the defendant. The court determined that the terms of the policy were ambiguous as to the matter of coverage involved and left that matter in doubt. It then in-

voked the rule that in such circumstances, under the Iowa law, such doubt and ambiguity are to be resolved in favor of the insured. It accordingly entered judgment in favor of plaintiff and against the defendant for the full amount of plaintiff's expenditures in settling the damage actions brought against him, arising out of personal injuries and property damage resulting from the alleged negligence of plaintiff in excavating for sewer construction.

In deciding the case the trial court handed down an exhaustive opinion covering every phase of the law and facts involved in the action. We are in entire accord with the trial court's opinion, reported in 174 F. Supp. at page 648, as Nielson v. Travelers Indemnity Company, and by reference we adopt the same as the opinion of this court and affirm the judgment appealed from on the grounds stated in the trial court's opinion.