**HOFFMAN & KLEMPERER CO., a corporation, Plaintiff-Appellee,**

v.

**OCEAN ACCIDENT AND GUARANTEE CORPORATION, Limited, an Insurance Corporation, Defendant-Appellant.**

No. 13213.

United States Court of Appeals
Seventh Circuit.

June 26, 1961.

Robert B. Johnstone, L. H. Vogel, Chicago, Ill., for defendant-appellant.

Burton Y. Weitzenfeld, James T. Dougherty, Chicago, Ill., for plaintiff-appellee.

Before DUFFY, KNOCH and CASTLE, Circuit Judges.

KNOCH, Circuit Judge.

Plaintiff, Hoffman & Klemperer Co., (hereinafter called "Hoffman") sued defendant, The Ocean Accident and Guarantee Corporation, Limited, (hereinafter called "Ocean") in the District Court for declaratory judgment construing the insurance policy issued to plaintiff by defendant.

The District Court found, in favor of Hoffman, that Ocean was obligated under its policy to defend Hoffman in a suit brought against Hoffman by Melvin Wayne McCoy, Jr.; to reimburse Hoffman for monies expended in defense of that suit; and to pay any judgment which might be rendered therein against Hoffman. Ocean appealed to this Court.

Hoffman's business is cleaning and tuckpointing buildings. Hoffman is a contractor selling a service, not a product. The evidence showed that in June, 1958, Hoffman contracted to clean and tuckpoint the front surface of a building

owned by H. A. Williams. The work was completed July 17, 1958.

Melvin McCoy, Jr. instituted suit against Mr. Williams for damages arising out of an alleged fall from the second floor front porch of Mr. Williams' building, on October 7, 1958. In April, 1959, at the request of Mr. Williams and his attorney, Hoffman's president, Melvin Hoffman, inspected the premises at which the accident allegedly occurred and submitted a written report, for which he was paid a fee by Mr. Williams.

Mr. Hoffman's inspection disclosed a porch railing which had rusted through at the end where it entered a brick pier. Hoffman's contract had not called for any repair of porch railings and no such repairs had been made by Hoffman. The rusted railing was surrounded by grey cement, and not by the stainless white mortar which Hoffman had used in its tuckpointing.

On October 14, 1959, Hoffman was served with summons, and a second amended complaint in which Melvin McCoy, Jr. had joined Hoffman as a defendant in his suit against Mr. Williams, and in which it was alleged that Hoffman had negligently performed its duty in repairing the property by placing mortar at the junction of the railing and pier, knowing that it would not hold because of its rusted condition, and allowing an inherently dangerous instrumentality to remain in a dangerous condition.

The day after the summons was served, Hoffman, through its attorneys, notified Ocean and tendered Ocean the defense of the McCoy suit against Hoffman. Ocean refused the tender on the ground that it had not been notified of the accident "as soon as practicable" as required by the policy, and that the accident was not covered by the insurance which Hoffman had purchased from Ocean.

It is admittedly irrelevant to this action whether the McCoy suit is or is not groundless, false, or fraudulent.

■ It was the duty of Hoffman to report to Ocean any injury or accident which a reasonably prudent man would have had reason to believe was covered by the provisions of the insurance policy issued by Ocean, and upon which a claim could reasonably be urged against Hoffman. Nye v. Louis Ostrov Shoe Co., Ohio App.1942, 43 N.E.2d 103; Melcher v. Ocean Accident & Guarantee Corp., 1919, 226 N.Y. 51, 123 N.E. 81; both cited with approval in Star Transfer Co. v. Underwriters at Lloyds, 1944, 323 Ill.App. 90, 55 N.E.2d 109.

■■ Timeliness of notice must be determined by the trier of the facts from all the facts and circumstances of a particular case. On the basis of substantial supporting evidence, the District Court found* that Hoffman had given timely notice to Ocean. We cannot say that finding was clearly erroneous. Dearborn National Casualty Co. v. Consumers Petroleum Co., 7 Cir., 1949, 178 F.2d 277.

The insurance policy involved in this action (Hoffman's Exhibit No. 1) is designated a "Manufacturers' and Contractors' Liability Policy" and provides for two types of coverage. The face of the policy described Hoffman and its business as:

Name Insured: Hoffman and Klemperer Company

Address: 4753 Broadway

No. Street, town or city, county, state: Chicago, Cook County, Illinois * * *

Business of the named insured is Building Cleaning.

Item 3 on the face of the policy provides:

The insurance afforded is only with respect to such and so many of the following coverages and divisions thereunder as are indicated by specific premium charge or charges. The limit of the company's liability against each such coverage and division shall be as stated herein, subject to all the terms of this policy having reference thereto.

---

* Including a finding that Hoffman's inspection in April, 1959, disclosed nothing which would lead a reasonable man to believe that the claim might be made or that suit might be brought against Hoffman & Klemperer Co.

The table of coverages shows the following:

| Coverages | Limits of Liability | Divisions | Advance Premiums |
|---|---|---|---|
| A—Bodily Injury Liability | $ 100,000. each person | 1. Premises—operations | $ 300.00 |
|  | $ 300,000. each accident | 2. Elevators | $ |
|  | $         aggregate | 3. Independent Contractors | $ |
|  | (Aggregate applies to Div. 4 only) | 4. Products—Completed Operations | $ |
|  |  | * * * | |
|  |  | Total Advance Premium | $ 300.00 |

A rider provides:

Premises—Operations Extention Schedule

to be attached to and form part of policy No. NA90279
issued to Hoffman and Klemperer Company

Chicago, Illinois

| Premises—Operations | Code No. | Premium Bases (a) Remuneration (b) Area (Sq. Ft.) | Rates Coverage A (a) Per $100 of Remuneration (b) Per 100 Sq. Ft. of Area | Rates Coverage B | Premiums Coverage A | Premiums Coverage B |
|---|---|---|---|---|---|---|
| 1. Masonry—Not Otherwise Classified | 3447 | | | | | |
| 2. Cement work—cement or granolithic floors, sidewalks, cellar floors or driveways—not street or road paving or surfacing. | 5200 | | | | | |
| 3. Cleaning or renovating outside surface of buildings | 5469 | | | | | |
| 4. Clerical Office Employees—Not Otherwise Classified | 3485 | | | | | |
| 5. Salesmen, collectors and Messengers —outside | 3484 | | QUARTERLY ADJUSTMENT | | | |
| **State of Illinois** | | (a) | (a) | | | |
| 1. | 3447 | 100,000. | .241 | | | |
| 2. | 5200 | To be | .422 | | | |
| 3. | 5469 | deter- | 3.698 | | | |
| 4. | 3485 | mined | .0075 | | | |
| 5. | 3484 | by Audit | .0136 | | | |
| **State of Indiana** | | | | | | |
| 1. | 3447 | If any | .123 | | | |
| 2. | 5200 | If any | .200 | | | |
| 3. | 5469 | If any | 2.618 | | | |

Deposit Premium 300.00

Occurrence Basis Endorsement #1 .................. 3.85 (Incl.)

The policy further states:

The Ocean Accident And Guarantee
Corporation, Limited
New York, N. Y.

(A Capital Stock Insurance Company,
herein called the Company)

Agrees with the insured, named in the declarations made a part hereof, in consideration of the payment of the premium and in reliance upon the statements in the declarations and subject to the limits of liability, exclusions, conditions and other terms of this policy:

This is followed by the insuring agreement:

*Coverage A—Bodily Injury Liability*

To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the hazards hereinafter defined.

and definition of hazards:

Division 1—*Premises-Operations*
The ownership, maintenance or use of premises, and all operations.

It is Ocean's position that the policy does not cover the accident described in the second amended complaint of the suit against Hoffman, as that accident occurred after Hoffman's operations had been completed. Ocean argues that the accident falls within the following provision which Hoffman did not purchase:

Division 4—*Products-Completed Operations*

(1) Goods or products manufactured, sold, handled or distributed by the named insured or by others trading under his name, if the accident occurs after possession of such goods or products has been relinquished to others by the named insured or by others trading under his name and if such accident occurs away from premises owned, rented or controlled by the named insured or on premises for which the classification stated in division 1 of Item 4 of the declarations excludes any part of the foregoing provided, such goods or products shall be deemed to include any container thereof, other than a vehicle, but shall not include any vending machine or any property, other than such container, rented to or located for use of others but not sold;

(2) operations, if the accident occurs after such operations have been completed or abandoned and occurs away from premises owned, rented or controlled by the named insured; provided, operations shall not be deemed incomplete because improperly or defectively performed or because further operations may be required pursuant to an agreement; provided further, the following shall not be deemed to be "operations" within the meaning of this paragraph: (a) pick-up or delivery, except from or onto a railroad car, (b) the maintenance of vehicles owned or used by or in behalf of the insured, (c) the existence of tools, uninstalled equipment and abandoned or unused materials and (d) operations for which the classification stated in division 1 of Item 4 of the declarations specifically includes completed operations.

■ Ocean thus concludes that this protection was clearly and specifically excluded from the insurance purchased by Hoffman under division 1, quoted above. We cannot agree that the policy makes this clear. The policy, at best, is ambiguous. It is axiomatic that in Illinois ambiguous provisions of an insurance policy will be construed liberally in favor of the insured. Lenkutis v. New York Life Ins. Co., 1940, 374 Ill. 136, 28 N.E.2d 86; James v. Metropolitan Life Ins. Co., 1947, 331 Ill.App. 285, 73 N.E. 2d 140.

■ Hoffman, as indicated, is a contractor and sells no product. Hoffman therefore acquired such coverage as this policy afforded for contractors, including

coverage for "all operations," (which would cover tuckpointing) and for "premises" (which would include Mr. Williams' building located in the State of Illinois). The negligence with which Hoffman was charged was allegedly committed during the performance of the contract, and the injuries for which recovery is sought were allegedly the direct result of that negligence.

Similar insurance policy provisions have been judicially construed. A number of courts have held that a contractor, who sells no product, is covered by the premises—operations hazard for injuries allegedly caused by its work without regard to when the injury occurs, provided that it occurs during the policy year, as the injury did in the case before us. Kendrick v. Mason, 1958, 234 La. 271, 99 So.2d 108; Travelers Indemnity Co. v. Nielson, 8 Cir., 1960, 277 F.2d 455, affirming D.C., 174 F.Supp. 648.

Ocean would distinguish these cases on two grounds. (1) They involved an older form of the policy before us: the policy which was considered by this Court in Ocean Accident & Guarantee Corp. v. Aconomy Erectors, 1955, 224 F.2d 242, 243, and there found to be ambiguous. We have compared the pertinent sections. We find that the ambiguity has not been cured. The policy form in Ocean Accident & Guarantee Corp. v. Aconomy Erectors excluded from coverage "Products (Including Completed Operations)." The policy in Nielson contained an endorsement captioned "Exclusion of Products Hazard." [174 F.Supp. 651.] The language of the policy definition was similar. The policy form now before us excludes "Products—Completed Operations." The policy form contains no division for "completed operations" divorced from "products." (2) Kendrick and Nielson were suits for loss occurring after the insured excavating contractor had left the premises, as a result of natural gas escaping from a pipe line due to its having been severed by the insured excavating contractor in connection with the excavation work. Ocean argues that these cases involved allegedly negligent acts in the course of operation, whereas Hoffman is charged with defective work. For our purposes, the distinction is not a valid one.

All other arguments advanced by Ocean have been found to be of no merit. The declaratory judgment entered by the District Court is affirmed.