Vincent A. Lupiano, J.
In this action for declaratory judgment between the insured and insurer, plaintiff, the insured, *951 sets forth two causes of action. Plaintiff claims that an accident which occurred on February 20, 1955 comes within the coverage of the insurance policy issued to the plaintiff; or, if the accident is not covered by the terms of the insurance policy defendant by its conduct in connection with a prior accident waived the applicability of the exclusory provisions of the policy (cl. 11 [e] [2]) and should be estopped from the enforcement of such provisions.
The pertinent provisions of the policy are:
“ 11. This insurance does not apply:
# * *
“ (e) (2) to operations (other than pick-up and delivery or the existence of tools, uninstalled equipment and abandoned or unused materials), if the accident occurs after such operations have been completed or abandoned at the place of occurrence thereof and away from premises owned, rented or controlled by the named Insured; provided operations shall not be deemed incomplete because they have been improperly or defectively performed or because further operations may be required pursuant to a service or maintenance agreement.”
Under “ Agreement,” Paragraph “ Y ”, the policy provided the following: “As respects insurance afforded by the other terms of this Policy the Company shall: (a) defend any suit against the Insured alleging injury, sickness, disease or destruction covered by this Policy and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the Company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient ”.
Hence, coverage and the obligation to defend the lawsuit instituted against the plaintiff are within the issues involved herein.
The plaintiff and the Consolidated Edison Company (Consolidated) had a contract requiring the doing of certain categorized work. In one, discretion was given wherein plaintiff, at the request of Consolidated, went to the home of a customer of Consolidated to diagnose and make any correction on various gas burners; and plaintiff thereafter billed Consolidated which would pay for the services rendered. In the second category, the performance of specific work was ordered by Consolidated after an inspection had been made by the latter’s employee at the customer’s premises. This work was thereafter performed pursuant to a written order in confirmance of a prior telephoned order from Consolidated to the plaintiff.
*952 On or about February 7,1955, the plaintiff received a specific work order listing items to be done at the premises of one Adler. On February 19, 1955, the plaintiff, pursuant to said specific work order, sent his employee, Adams, to these premises to perform the work specified therein. During the performance of his work, he found that the amount of carbon dioxide emanating from the operation of the burner was dangerous. However, Adams testified, he could not bring it down to a safe level without cleaning the boiler. This, he said, was not done since the terms of the specific work order did not include same. Moreover, when on the premises, Adams told the customer (Adler) that he would clean the boiler upon payment of $8. The customer refused. Clearly, plaintiff needed a further authorization from Consolidated and it is undisputed that such additional work could be given to plaintiff or someone else at the will of Consolidated. No authorization was obtained and the boiler was not cleaned. It should be remembered, too, that before plaintiff’s employee, Adams, did the work in question, the boiler had been inspected by an employee of Consolidated; yet nothing was said or ordered respecting the cleaning of the boiler.
Adams reported to the plaintiff on Monday, February 21,1955, that he had completed the work as specified in the work order; the results were also reported. In the meantime, on Sunday, February 20, 1955, the plaintiff received a message from Consolidated that an accident in the Adler premises had occurred early that morning, and that several persons were rendered sick and injured by gas poisoning. Subsequently, an action was brought against this plaintiff for these injuries, which action this defendant refuses to defend or cover. The present declaratory action followed.
It is quite evident that, prior to the accident, the employee of the plaintiff had performed and completed all the work at the premises which he was authorized to perform pursuant to the specific work order; on this basis the accident comes within the exclusion clause of the policy. That the work specified in the written work order was completed is evidenced by plaintiff’s report to Consolidated which followed the Adams’ report. It is significant that plaintiff stated therein that the specified work was “ completed.” Moreover, plaintiff made no mention of any need for further work, nor did plaintiff’s report point out the need for additional work. If a dangerous condition in the nature of the carbon dioxide content in the smokestack was apparent from the Adams’ report, the need for correction would have required further work authorization. This was not sought nor given. Nor can it be said that the original order for a Fyrite *953 test would imply the doing of all work that such test would disclose since plaintiff’s job was limited to the work itemized and authorized in the work order. On this record, the specific work order, more particularly with respect to the Fyrite test, did not carry with it the discretion which was involved in a conversion problem where diagnosis and correction were authorized. The differentiation in both job categories further shows that the job involved in the instant matter was deemed completed when the itemized work was done; and if any additional problems were thereafter disclosed, such need would require a different work operation to be separately ordered at the will of Consolidated, which may not have been forthcoming.
In sum, it has been proven that the accident in the within action occurred after the operations of the plaintiff were deemed completed.
In light of this finding, it is unnecessary to determine whether plaintiff’s employee properly or improperly performed the work, because in either event, the operations were “ completed or abandoned ” at the time of the accident.
The plaintiff bases his second cause of action on the theory that the defendant’s conduct subsequent to another and previous accident which occurred on September 18, 1954, constituted a waiver of the exclusion clause and further established estoppel precluding the defendant from asserting the right of noncoverage.
Waiver is a voluntary abandonment or relinquishment by a party of some right or advantage, while the doctrine of estoppel holds that a party may be precluded by his conduct from asserting a right to the detriment or prejudice of another party. The evidence does not sustain such theory. The conduct of the defendant in these circumstances and in defending the Tusa action with a full reservation of rights did not give rise to a waiver of any rights they had under the instant policy nor did its conduct in any way constitute an estoppel. Moreover, plaintiff’s argument based on reliance, and change of position, is specious and obviously unsupportable. To say that plaintiff would have otherwise obtained other policies of insurance, is a matter of sheer speculation and is not accredited.
Nor is the defendant obliged to defend the Adler action. It has been held that an insured is obligated to defend whenever a claimant can state facts which bring the injury within the coverage of the policy and regardless of ultimate liability (Grand Union Co. v. General Acc., Fire & Assur. Corp., 279 N. Y. 638). This obligation of the insurer is determined by the allegations of the complaint (Physical Culture Hotel v. Travelers Ins. Co., *954 270 App. Div. 1070; Soper v. Fidelity & Cas. Co., 198 Misc. 1117). Moreover, this duty has been held to be broader than the ultimate responsibility of payment (Goldberg v. Lumber Mut. Cas. Ins. Co., 297 N. Y. 148). Nevertheless, from the allegations of the complaint in the ‘1 Adler ’ ’ action, the situation as pleaded therein does not come within the coverage of the policy or within its contractual obligation to defend. There is nothing in the allegation to even suggest that the accident occurred while the plaintiff or his employees were making the alleged negligent repairs. By their effect, plaintiff is blamed for the accident after the repairs had been made.
For the foregoing reasons, the defendant is entitled to judgment dismissing both causes of action and for the relief indicated herein.