**GEHRLEIN TIRE COMPANY, a Corporation, Anthony J. Gehrlein, Richard V. Gehrlein, Robert T. Dolan, Michael Pillitteri**

v.

**AMERICAN EMPLOYERS INSURANCE COMPANY, a Corporation.**

**Civ. A. No. 1017.**

United States District Court
W. D. Pennsylvania.

June 17, 1964.

On Motion for Reargument

Nov. 6, 1964.

William W. Knox, William E. Pfadt, Erie, Pa., for plaintiffs.

Thomas E. Doyle, Erie, Pa., for defendant.

WILLSON, District Judge.

The present jury case in which the diversity jurisdiction of this Court is invoked involves the interpretation and application of a comprehensive general liability insurance policy. The case is presently before this Court on defendant's Motion for Summary Judgment, which is based on the ground that the pleadings, depositions, admissions, and affidavits show that there is no material issue of fact and that the defendant is entitled to judgment as a matter of law. The parties concede that American Employers Insurance Company Policy No. 865194, issued to the plaintiff corporation, is the policy to be construed. However, defendant disclaims any liability under the policy.

The underlying controversy involves an accident suffered by Fred Heid on November 1, 1958, while the policy was in force. Heid brought two tires and two rims to Gehrlein Tire Company's station and requested that the tires be mounted on the rims. The tires were mounted on the rims and delivered to Heid. Heid took the mounted tires away from Gehrlein's place of business to his own place of business and proceeded to mount the tire-rim assembly on the wheel of his truck when the tire-rim assembly exploded seriously injuring him. As a result thereof he sued the Gehrlein Tire Company, a corporation, and recovered a judgment in the Court of Common Pleas of Erie County, Pennsylvania, in Case No. 278, November 1960, for personal injuries in the sum of $54,986.68. That judgment is now final against the Gehrlein Tire Company. During the course of the litigation, Gehrlein Tire Company commenced dissolution proceedings. Plaintiffs in this case are several individuals who are all the stockholders, officers, and directors of the corporation, Gehrlein Tire Company, and who join because of individual and personal liability imposed upon them as liquidating trustees of the assets of the corporation; the liability, of course, being the liability to pay the judgment in favor of Heid.

It is defendant's contention that the accident was the result of a completed operation with the exclusion of products liability as defined in the policy. Also defendant contends that the individuals who join as plaintiffs are not real parties in interest.

On the other hand, plaintiffs contend that Gehrlein's liability to the injured party was based on negligence wholly apart from the manufacture or sale of any product. Plaintiffs contend that Gehrlein solely rendered a service in assembling Heid's tires and rims. Thus, say plaintiffs, the products hazard exclusion of the policy is not applicable, and the service was covered by the general provisions of the Comprehensive Liability Policy.

Plaintiffs also contend that three of the plaintiffs, Michael Pillitteri, Anthony J. Gehrlein, and Richard V. Gehrlein are named insureds under Endorsement No. 6 of the policy and are thus real parties in interest under the insurance contract. Plaintiffs further support this contention by pointing to the definition of Insured as including "any partner, executive officer, director, or stockholder thereof while acting within the scope of his duties as such." Finally, plaintiffs point to the fact that personal liability for the personal injury claim and judgment of Frederick Heid is being asserted against the individual plaintiffs.

■ This Court is in agreement with plaintiffs' contention that they are the real parties in interest under Rule 17(a), of the Federal Rules of Civil Procedure.

As previously stated, the policy involved in this case is styled "Comprehensive Liability Policy." The business of the insured is described as "Rubber Tire Dealer and Sales." Under its terms Gehrlein is covered for "Bodily Injury Liability" under Coverage B. However, the products hazard as defined in the policy is excluded under Coverage B. Item 6, is a description of the hazards covered by the policy and the premium charged for each hazard. It reads in part as follows:

| Item 6 | Description of Hazards | Code No. |
|---|---|---|

**A. PREMISES—OPERATIONS**

Purposes of Use—Classification of Operations

RUBBER TIRE DEALERS—RETAIL—IN-CLUDING REPAIRING, VULCANIZING, AND THE ADJUSTMENT OF TIRES TO VEHICLES AWAY FROM THE PREMISES OF IN-SURED,          CODE 3437"

Premium Bases, Annual Rates, and Annual Advance Premiums are in five (5) columns to the right.

The main policy consists of four printed pages attached to which are some sixteen inserts. Under CONDITIONS, there are nineteen numbered paragraphs. Paragraph one relates to *Premium*; paragraph two, *Inspection and Audit*. We are vitally concerned with Paragraph three. It is written in part as follows:

"3. Definitions.

(a) Contract.

(b) Automobile.      { We are not concerned with the provisions of 3 (a), (b), and (c). }

   (1)

   (2)

   (3)

(c) Purposes of Use."

Then comes:

"(d) Products Hazard.

The term 'products hazard' shall mean

(1) the handling or use of, the existence of any condition in or a warranty of goods or products manufactured, sold, handled or distributed by the named Insured, other than equipment rented to or located for use of others but not sold, if the accident occurs after the Insured has relinquished possession thereof to others and away from premises owned, rented or controlled by the Insured or on premises for which the classification stated in the Company's manual excludes any part of the foregoing;

(2) operations, if the accident occurs after such operations have been completed or abandoned at the place of occurrence thereof and away from premises owned, rented or controlled by the Insured, except (a) pick-up and delivery, (b) the existence of tools, uninstalled equipment and abandoned or unused materials and (c) operations for which the classification stated in the Company's manual specifically includes completed operations; provided operations shall not be deemed incomplete because improperly or defectively performed or because further operations may be required pursuant to a service or maintenance agreement."

The liability of Gehrlein to Heid according to the Court en Banc opinion on defendant's Motion for Judgment n. o. v. is as follows:

"It was the cracked condition of the ring, according to all the testimony, that caused the accident to the plaintiff, and which the Gehrlein people, as tire assembly experts, hired by the plaintiff, should have discovered and reported to him. * * *

"As tire experts the Gehrleins must be charged with the knowledge that somebody was going to try to put the tire assembly on its rim and that if this was successfully negotiated certainly the tire was going to be used on the road, and, according to practically all of the credible evidence, the tire was and would continue to be a continual source of danger to anyone in its proximity. Therefore, the Gehrlein's duty to the plaintiff did not abruptly stop but, under all the circumstances, was a continuing one from which it could only have excused itself by giving plaintiff notification of what was found and the danger inherent in the dangerous ring. Whether this failure to notify was negligence was submitted as a question of fact for the jury."

Thus, the issue is squarely presented in this case whether the liability found by the Common Pleas Court against Gehrlein in Heid's favor is within the terms of the instant comprehensive policy or is excluded by its provisions.

It appears that under 3(d) (2) above accidents arising from completed operations and occurring away from the premises are excluded from coverage. But this paragraph only makes good sense when it is applied to "products hazard." It seems to this Court that under (d) (1) and (d) (2) the limitations, if any, relate to the excluded products. In other words it appears as a fact in this case that Gehrlein was a Firestone dealer and sold all Firestone products. Nothing that occurred as a result of the defect in products was covered by the policy, and it seems to me that nothing that occurred in the "operations" on such products was covered by the policy. For instance, mounting a new Firestone tire on a rim on the premises which resulted in liability due to defective workmanship no doubt would be covered, but when such an operation was completed or abandoned then it was excluded. But the liability imposed by the Court of Common Pleas is that type of liability resulting from an action of "trespass on the case," as known at common law. Here was a service performed by Gehrlein not on a Firestone product nor on any other product that Gehrlein sold or handled. The liability resulted from Gehrlein's failure to warn Heid of a defect in Heid's own tire assembly, said the State Court. If this Comprehensive Liability Policy doesn't cover that situation, then this Court is unable to say that it covers anything.

The leading case, says Mr. Doyle, counsel for the defendant, is Berger Bros. Electric Motors v. New Amsterdam Cas. Co., 293 N.Y. 523, 58 N.E.2d 717, 156 A.L.R. 1281 (1944), a case decided by the Court of Appeals of New York. It is believed that the following observation made in the opinion points up the instant issue. The exclusive provisions of the policy were practically the same as in the instant policy. They were under a property damage endorsement, including destruction or loss of property caused by accident or arising out of operations including the installation of electrical apparatus. In the cited case, plaintiff had completed his work and removed his tools and equipment from the premises. No accident had occurred. However, months thereafter when turkey eggs were placed in the incubators, the accident resulted from poor workmanship in that the fan in the incubator had been set in reverse due to defective wiring. The Court held that exclusion clauses in the policy were applicable:

"By these clauses the parties intended to limit the casualty com-

pany's liability to accidents occurring during the progress of the work and to exclude liability for accidents occurring, after the work was completed, as the result of defective workmanship. If that be not the meaning of the plain language used, the insurer would remain liable indefinitely for defective workmanship upon the theory that defective work is never complete until the defect is discovered and corrected. But this is a risk which the parties intended to exclude from the coverage of the policy, and we cannot read these policies as intended to cover such risks, for the language is plain and unambiguous." 58 N.E.2d 717, 718.

' This Court in construing this comprehensive policy concludes that the exclusions relating to the "products" and the "operations" provisions do not relieve the defendant from liability in the event it be established that the accident occurred to Heid as shown in the Court of Common Pleas record.

█ The policy is styled a Comprehensive Liability Policy. In discussing such a policy, 45 C.J.S. Insurance § 791, says:

> " * * * broadly speaking, the so-called comprehensive provision of a policy covers loss or damage caused by any risk or peril other than those expressly excluded or excepted from coverage."

As will be seen, the quotation has reference to automobile insurance, but it is believed that any comprehensive policy is construed in the same manner.

But again under 3(d) (2), "operations" refers to workmanship on products. Any hazard with relation to products is excluded because it is the manufacturer's responsibility. Under the Berger case, only work done on a product on the premises until such work is completed or abandoned is covered because the defendant insures against defective workmanship or any other liability in relation to operations on products. But in the instant case a distinction must be made between products handled by Gehrlein and the service rendered by Gehrlein that resulted in the Heid accident. The accident occurred because of failure to warn only. No defect was present with regard to any products dealt in by Gehrlein or in the "operations" on any of Gehrlein's products.

Plaintiffs say that the decisions on the subject have uniformly held that the "products-completed operations" exclusion is not applicable to one who renders service only, when that service is covered by the general coverage of Comprehensive Liability Policies. In Hercules Co. v. Royal Indemnity Company, 171 F. Supp. 746, (S.D.N.Y.1959), one of the issues before the Court was whether a Comprehensive Liability Policy covered property damage that resulted from the insured's failure to remove rags used in a cleaning operation. The defendant insurance company maintained the policy excluded claims arising from completed work because of the phrase "Products (including completed operations) excluded." The Court held that it was clear that the policy did not cover products, however, there was no exclusion for liability for negligence in connection with services rendered. In Heyward v. American Casualty Company of Reading, Pennsylvania, 129 F.Supp. 4, (E.D.S.C. 1955), where an insurance company denied liability under a Comprehensive Liability Policy because of a products hazard exclusion clause excluding "completed operations," the Court held as follows:

> " 'Products Liability', to the average person, refers to liability arising out of the use of, or existence of any condition in goods or products manufactured, sold, handled or distributed by the insured. The suit in the State Court involved no such liability, but is based on alleged negligent construction by the plaintiff."

See also Hoffman & Klemperer Co. v. Ocean Accident & Guar. Corp., 292 F.2d 324 (7th Cir. 1961), and Bituminous Casualty Corporation v. R. & O. Elevator Co., 293 F.2d 179 (8th Cir. 1961).

■ If the Common Pleas record in the Heid case is properly before this Court as a judgment, then the nature and extent of defendant's liability to Heid has been established in this Court. To enter a judgment under Rule 56, it must appear that there is no genuine issue as to any material fact. I do not understand in the instant case that counsel for both sides have submitted the Common Pleas judgment as the sole factual record on which defendant's liability is to be determined under the policy. If they have so submitted that judgment, then in the opinion of the Court defendant is liable. In any event, summary judgment in favor of the defendant, which is the instant issue before the Court, should not be entered. It is denied.

### On Motion for Reargument

This case is presently before me on the motion of plaintiffs for summary judgment and on the motion of defendant for reargument of its motion for summary judgment. Defendant's motion for summary judgment was denied in my opinion filed June 17, 1964. The factual situation and the contentions of the parties are set forth in that opinion. My previous ruling was that a Comprehensive Liability Policy issued by the defendant insurance company to the plaintiff corporation covered an accident that resulted in a judgment against plaintiff corporation in the Court of Common Pleas of Erie County, Pennsylvania. Defendant denied that it was required to indemnify plaintiff corporation against the loss and did not defend the action in the Court of Common Pleas. The present suit was brought to recover the amount of the judgment, and costs, and counsel fees in both the underlying litigation and the present case plus interest.

In my opinion of June 17, 1964, I indicated that if the Common Pleas record had been before me as evidence on which defendant's liability was to be determined under the policy, defendant would have been held liable. At that posture of the instant case, however, the record of the Common Pleas Court had not been introduced. Attached to plaintiff's motion for summary judgment is Exhibit A which is a certified copy of the Common Pleas record in the case of Frederick Heid v. Gehrlein Tire Co. at No. 278 November Term 1960. Counsel at the argument on the instant motions have agreed that the Common Pleas record and judgment in all respects is before this Court and is in evidence.

Defendant's motion for reargument of its original motion for summary judgment is based on the contention that the factual situation before the Court of Common Pleas presented a product hazard situation or a product hazard type of negligence which was excluded from coverage by the terms of the policy. Defendant also contends the Court erred in ruling that the individual plaintiffs were proper party plaintiffs under Rule 17(a) of the Federal Rules of Civil Procedure.

■ The parties have been heard on the motions, and the affidavits, exhibits, and briefs have been considered. Having reviewed the law, the factual situation as set forth in my prior opinion, the record of the Court of Common Pleas, and the affidavits attached to the motions for summary judgment, it is the opinion of this Court that there is no genuine issue as to any material fact and that plaintiff corporation is entitled to judgment as a matter of law. It is to be emphasized at this point that my opinion of June 17, 1964, which reviewed the facts, is incorporated herein; and those facts which were then reviewed are now found as facts as they are not in dispute and are included in the Common Pleas record.

The liability of Gehrlein to Heid according to the opinion of the Court en Banc on Gehrlein's motion for judgment n. o. v. was premised on the breach of the duty to warn of the cracked condition of the ring when mounting Heid's tire on the rim. The pertinent parts of the policy are set forth in my previous opinion. I there held that the provision for the exclusion of coverage of accidents

arising from completed operations and occurring away from the premises applies to "products hazard" and does not relate to negligence arising from the failure to warn of a defect that is not related in any way to the sale of a product.

Attached to plaintiffs' motion for summary judgment is an affidavit by one of the plaintiffs, Anthony J. Gehrlein, setting forth that the defendant refused to provide a defense to the Heid claim, and letters to this effect are attached; further, that the defendant was furnished with copies of the pleadings in the Heid case and was aware of the nature and basis of this action, and that plaintiffs were compelled to engage counsel and incurred costs for attorney fees and expenses in the amount of $4,520.50, which has been paid. No counter-affidavit or answer denying the averments of the Gehrlein affidavit have been filed, and the Court understands that these facts with regard to the costs and attorney fees are likewise admitted for the purpose of deciding the instant issue.

Counsel for the defendant has forcefully argued the position taken by the American Employers Insurance Company, the defendant in this case. He has filed extensive and detailed briefs. They have been carefully examined. He indicated recently that a New Jersey State Court decision, Inductotherm Corp. v. N. J. Mfrs. Cas. Ins. Co., 83 N.J.Super. 464, 200 A.2d 358 (1964), was favorable to the view taken by the defendant. I must disagree. It seems to me as I read the decision that it favors plaintiffs' theory in the instant case. The policy is one like that described in Ocean Accident & Guarantee Corp. v. Aconomy Erectors, 7 Cir., 224 F.2d 242. It is most complex. It consists of several pages of a form some of which has been filled in on a typewriter. It has supplements and riders. It is difficult to interpret and harmonize the meanings to be found in the various paragraphs. The uncertainties found in the policy are to be construed against the company that prepared the policy, which is the defendant in this case.

On reconsideration of defendant's motion, it is believed that that part of the motion relating to the individual plaintiffs should be granted. It seems to this Court that judgment in favor of the corporation and against the defendant will dispose of the litigation. The Court understands that the corporation is still in existence and that no proceedings in merger, sale or dissolution have been filed.

Under the factual situation presented in this case and the law applicable thereto, it is this Court's opinion that there is no genuine issue as to any material fact and that plaintiff corporation is entitled to judgment together with interest from the date of finality of the Common Pleas Court judgment and together with the reasonable attorneys' fees and costs expended. It is so ordered.

Counsel for the plaintiffs will in due course present an order for judgment.