■ JEAN RYAN, as Executrix of THEODORE LORENZ, Deceased, et al., Respondents, v. INSURANCE COMPANY OF NORTH AMERICA, Appellant, et al., Defendant.— In an action for a declaratory judgment, defendant Insurance Company of North America appeals from so much of an order of the Supreme Court, Richmond County, dated November 10, 1969, as granted plaintiffs' motion for summary judgment pursuant to CPLR 3212 to the extent of adjudging that said defendant is obligated to provide plaintiffs a defense in a personal injury action brought against them by John Torrone. Order reversed insofar as appealed from, on the law, with $20 costs and disbursements, and plaintiffs' motion for summary judgment denied. In our opinion, Indorsement No. 4 attached to the "General Package Insurance Policy" specifically excluded from coverage the accident resulting in the personal injury to Torrone. This endorsement, entitled "PRODUCTS LIABILITY EXCLUSION", in clear language stated: "In consideration of the premium charged, it is agreed the policy shall not apply to liability for Personal Injury and Property Damage arising out of the Products Hazard as defined in Section II of the policy."

The power lawn mower was a product contemplated within this Products Liability Exclusion indorsement of the policy issued to the insured "machinery dealers". No ambiguity is evident and the expressed intention of the parties is clear. In our view, the reliance of Special Term upon *Johnson* v. *National Union Fire Ins. Co. of Pittsburgh, Pa.* (56 Misc 2d 983, affd. 33 A D 2d 924 on the opinion of Mr. Justice MEYER at Trial Term) was misplaced. The factual pattern in *Johnson* does not fit the case at bar. There, the basic holding was that the ambiguities existing in the exclusion clause and in the definition of the phrase "products hazard" (pp. 986, 987) precluded the average businessman from understanding that coverage was excluded. That conclusion turned upon the premise that the phrase and definition in the policy were not sufficiently clear to exclude from coverage the completed operation "of a contractor who sells no product" (p. 987). Christ, P. J., Hopkins, Munder and Brennan, JJ. concur; Rabin, J., dissents and votes to affirm the order insofar as appealed from.