CHARLES H. WHITE v. HAYES BOULTON.
MUTUAL SERVICE CASUALTY COMPANY, GARNISHEE.

107 N. W. (2d) 370.

January 27, 1961—No. 38,019.

*Joseph M. Donahue* and *R. Donald Kelly,* for appellant.
*Swensen & Miley* and *Irving Gotlieb,* for respondent.

MAGNEY, COMMISSIONER.

On June 16, 1958, defendant, Hayes Boulton, was indebted to plaintiff, Charles H. White, on a judgment in the sum of $3,517.50. Plaintiff claims that on that date Mutual Service Casualty Company was indebted to defendant in the same amount under a policy of automobile liability insurance. Plaintiff instituted garnishment proceedings against the insurance carrier. A disclosure was made wherein all liability to defendant was denied. A trial on that issue was had. The

court found for the garnishee and dismissed the proceedings. Plaintiff appeals from the order of the court denying his motion for a new trial.

On October 6, 1955, plaintiff and two others, married women not the wives of the parties, were passengers in an automobile owned and operated by defendant. Near Hager City, Wisconsin, the automobile left the road and the passengers were injured.

The policy of insurance issued by garnishee contained a provision relative to cooperation of the insured reading as follows:

"The insured shall cooperate with the Company and, upon the Company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits."

The garnishee claims that defendant violated this cooperation provision of the policy, thereby rendering it null and void.

On May 14, 1957, plaintiff commenced an action against defendant to recover for the injuries he received in the accident. The file came into the office of Swensen and Miley, attorneys for the insurance company. It was referred to Clayton Narveson, an associate of the firm. The case was finally set for trial for June 9, 1958. Prior to that time, Narveson and Harry E. Paulet, also an associate in the same office, contacted defendant by letter, telephone, and in person, advising him of the approaching trial and its date and urging upon him the necessity of coming to the office to discuss the case and prepare for trial. Defendant said that because of his work he would not come to the office nor report at the courthouse. A conference at the office could not possibly have interfered with his work. It is apparent from a reading of the record that defendant had no intention of attending a conference at the office or showing up at the courthouse for the trial. It seems unnecessary to go into further detail as to the efforts of Narveson and Paulet to induce defendant to come to the office and the courthouse.

The case was set for trial before the Honorable James C. Otis on June 9, 1958. Defendant had been notified to meet Narveson in Judge Otis' courtroom at 10 a. m., the time set for trial. Defendant did not reply to this letter and paid no attention to other notices given

him, and he did not show up. Narveson was in Judge Otis' chambers on June 9 until 10:10. Defendant had not arrived. The case was assigned to the Honorable Clayton Parks. Narveson and Joseph M. Donahue, attorney for plaintiff, waited until 11 o'clock, at which time Narveson informed Judge Parks that he would not defend the action because of noncooperation of defendant. Narveson made a record to that effect, whereupon plaintiff proceeded to prove up his case by default.

In this proceeding the court found for the garnishee and in a memorandum stated that it conclusively appeared that defendant refused to prepare for the case and refused to appear for trial. The finding of the court that defendant refused to cooperate is fully sustained by the evidence.

Although defendant breached the cooperation provision of his policy by refusing to come to the attorneys' office for a conference in preparation for the trial and by refusing to attend the trial itself, another serious question arises. Plaintiff contends that, although defendant violated the provision of his policy by failing to cooperate, the insurer must show affirmatively that it was prejudiced by such conduct.

The most recent case in this state involving the breach of the cooperation clause in an automobile liability insurance policy is Juvland v. Plaisance, 255 Minn. 262, 266, 96 N. W. (2d) 537, 540. In that case we stated that it is a fact issue whether "such breach [breach of cooperation clause] was of such gravity as to have adversely affected insurer's interest in a substantial way." The opinion quoted the following statement from 5A Am. Jur., Automobile Insurance, § 134, p. 136, as the law applicable to cooperation clauses:

"* * * in the absence of waiver or estoppel, a substantial breach of such a provision *resulting in prejudice* to the insurer will relieve it of responsibility * * *." (Italics supplied.)

The court further observed (255 Minn. 269, 96 N. W. [2d] 542):

"* * * This court has held that the breach of similar clauses must prejudice the insurer before such breach will void the policy." (Citing cases.)

We are thus committed to the rule that the breach of such clauses must prejudice the insurer before such breach will void the policy.

Thus, in the instant case, the fact that defendant violated the co-operation clause of his policy by refusal to consult and attend the trial may not be sufficient to avoid the policy.

In Annotation, 60 A. L. R. (2d) 1154, we find the following statement:

"Most of the courts considering the question have held or stated that prejudice must be shown by the insurer before the insured's failure to attend the trial will be regarded as a material breach of the condition requiring the insured's co-operation." (Citing numerous cases.)

In our opinion, it is a fact question whether defendant's refusal here to attend the trial resulted in such prejudice to insurer as to avoid the policy. Defendant's car ran off the road, causing the injuries. What effective defense defendant might have to that situation is not apparent. The record does not show what defendant's testimony would be. The statements taken of defendant and the other occupants of the car shortly after the accident were not produced at the trial. The whole situation as disclosed here cannot be considered attractive from a defense viewpoint. It is claimed in the argument that, since the accident happened in Wisconsin, the indulgence in liquor by the members of the party might provide the defense of assumption of risk. Here, again, we have a fact question. It is not always helpful to an insurer to have the defendant appear in court and testify. In many cases it is disastrous. Therefore, it seems to be a reasonable requirement that, before the insurer may avoid the policy because of nonattendance of defendant, it must show that it was prejudiced by such absence.

In the recent Michigan case of Allen v. Cheatum, 351 Mich. 585, 592, 597, 88 N. W. (2d) 306, 310, 312, this question was considered, the court stating:

"Garnishee defendant is at some pains in citing cases and seeking to persuade us how important the cooperation and presence of the defendant at counsel table is to the proper defense of a case. We scarcely need to be persuaded on this score as we are already quite

aware that such cooperation and such presence is not only important in most cases but usually crucial. On the other hand we are equally aware that there are occasional situations where such presence may not only fail to help the defense but might only serve to make a bad situation worse. * * * We cannot adopt the view that is apparently urged here that a mere showing of nonattendance of the assured is tantamount to a showing of prejudicial noncooperation as a matter of law.

\* \* \* \* \*

"In jurisdictions where a showing of prejudice is required it is usually inevitable that the merits of the main case must be gone into to some extent when the defense of noncooperation is raised. That is frequently the only way the triers of the facts can intelligently appraise and determine whether actual prejudice did or did not exist."

As has already been stated, a showing of prejudice is required in this state where noncooperation is claimed as a basis to void a policy of insurance.

All the evidence covering the noncooperation of defendant was furnished by Narveson and Paulet, associates in the law firm which originally represented defendant and which now represents the insurance carrier in the garnishment proceedings. At the trial, plaintiff objected to the testimony on the basis of attorney-client relationship. In this court, the court's ruling permitting the testimony is assigned as error. Since the case is being sent back for a new trial on another ground, it is not necessary to discuss the matter here except to say that the admonitions in our prior cases as to such procedure still stand.

Order reversed and new trial granted.