JAMES W. NOEHL v. MIDWEST EMPIRE, INC.,
AND OTHERS.

215 N. W. 2d 487.

February 15, 1974—No. 44175.

*Larkin, Hoffman, Daly & Lindgren* and *James P. Larkin,* for appellant.

*Callaghan & Nelson* and *Norvell C. Callaghan,* for respondents Midwest Empire, Inc., Rentz, Koosman, and Wente.

*Holmquist & Holmquist* and *Roy W. Holmquist,* for respondents Roy Lucken, Chester Birch, and Chester Larsen.

*Giberson & Collins* and *Donald E. Giberson,* for respondents W. J. Smith, City of Morris, Chester Larsen, S. A. Gausman, Jr., Roy Lucken, and Chester Birch.

*Giberson & Collins* and *Terry Collins,* for respondent First Federal Savings & Loan Assn. of Morris.

*Robert R. Pflueger,* for respondent city.

Heard before Knutson, C. J., and Peterson, Todd, and Scott, JJ., and considered and decided by the court.

PER CURIAM.

Plaintiff appeals from a judgment dismissing his class action to set aside the sale of the on-sale municipal liquor store in Morris, Minnesota, on the grounds of fraud, failure to comply with the provisions of the charter of the city of Morris, and inadequate consideration. We affirm.

This case is the culmination of a series of political events occurring in the city of Morris. After the University of Minnesota established a branch at Morris, the townspeople were anxious to entice a new motel facility to the city. Such a facility was available on the condition that

it could have an on-sale liquor license. Morris at that time was operating a municipal liquor store, both on-sale and off-sale. By referendum the citizenry of Morris adopted split liquor provisions available under Minn. St. 340.353, subd. 5, which permits the city to maintain its off-sale liquor store but to issue private liquor licenses for on-sale operations. To implement this plan, the city council, on a number of occasions, advertised for purchasers of the municipal on-sale liquor store facilities and inventory. On December 18, 1970, the city council accepted the bid of Delmar Rentz, Jerome Koosman, and David Wente, defendants herein. These defendants assigned their vendees' interest in a subsequently executed contract for deed to defendant Midwest Empire, Inc., which later received a deed to the real property and a bill of sale for the personal property from the city. Admittedly, all the technical requirements of the city charter of the city of Morris were not complied with in effectuating the sale. However, each step in the procedure was publicized and all actions were ratified by the council.

Plaintiff had available referendum and injunctive remedies to enjoin the sale. Instead, he brought this action to set it aside.

The matter was heard before the Honorable Chester G. Rosengren, a judge from another district, who entered extensive and complete findings of fact and conclusions of law dismissing plaintiff's action. The trial court, pointing out that the plaintiff virtually conceded that there was no direct evidence to support the charge of fraud, found there was no fraud involved. The trial court further found that although there had not been technical compliance with the charter provisions, the transaction had been ratified. He also found that the failure to follow the requirements of the charter did not render the sale void but voidable and that the executory contract had been performed and executed, the benefits having been received and retained by the city of Morris. The trial court further found that consideration for the sale was adequate.

We have carefully reviewed the record and proceedings herein and hold that the evidence more than adequately sustains the findings and conclusions of the trial court which will not be set aside on appeal unless they are clearly erroneous. In re Estate of Balafas, 293 Minn. 94, 198 N. W. 2d 260 (1972).

Affirmed.

Mr. Chief Justice Sheran, not having been a member of this court at at the time of the argument and submission, took no part in the consideration or decision of this case.