## PHILIP R. ANDERSON v. DENNIS SUNDSTROM.

241 N. W. 2d 82.

March 19, 1976—No. 45680.

440

*Nurnberger, Gurewitz & Holt* and *Roger A. Nurnberger*, for appellant.

*Douglass, Bell, Donlin & Sweeney, James R. Gowling*, and *Kenneth R. Talle*, for respondent.

Heard before Peterson, Yetka, and Breunig, JJ., and considered and decided by the court en banc.

ROBERT J. BREUNIG, JUSTICE.*

Plaintiff appeals from an order determining upon motion that defendant's obligation on a judgment had been discharged in bankruptcy and quashing all legal process to execute thereon. Because plaintiff erroneously believed that the issue of nondischargeability was res judicata, he did not request an evidentiary hearing pursuant to Rule 43.05, Rules of Civil Procedure. Upon the record, we affirm the district court's determination. However, we do so without prejudice to plaintiff's right to move the trial court for a redetermination after an evidentiary hearing.

The procedural history of this litigation may be summarized chronologically as follows:

1. On July 7, 1970, plaintiff obtained a default judgment against defendant in a Utah state court for $15,000, representing

---

* Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

the value of an airplane which defendant was alleged to have converted and crashed.

2. On September 8, 1970, plaintiff sued defendant in Ramsey County District Court to recover on the Utah judgment.

3. On October 2, 1970, defendant filed a petition in bankruptcy in the United States District Court for Minnesota.[1] This bankruptcy proceeding was pleaded as an affirmative defense in an amended answer to plaintiff's September 8, 1970, complaint in state court.[2]

4. On October 30, 1970, this amended answer was dismissed with prejudice because it did not "attack the validity" of the Utah judgment. This order was based on full faith and credit considerations and did not involve a determination of the dischargeability issue.

---

[1] Had this bankruptcy proceeding been commenced after December 18, 1970, when the Bankruptcy Act was changed, the dischargeability of the Utah judgment would have been determined by the Federal court. P. L. 91-467, 84 Stat. 990; 1A Collier, Bankruptcy (14 ed.) § 17.16[6]. Here the petition was filed prior to December 18, 1970, so plaintiff had no obligation to appear in Federal Bankruptcy Court and oppose discharge of his claim. White v. Public Loan Corp. 247 F. 2d 601, 602 (8 Cir. 1957). The dischargeability issue would be decided in state court when plaintiff sought to enforce his claim and discharge in bankruptcy was raised as a defense. 247 F. 2d 602; In re Grover, 63 F. Supp. 644, 647 (D. Minn. 1945); Nadler, Bankruptcy, § 804.

[2] Because no discharge in bankruptcy had yet been granted, the defense was pleaded prematurely. Crocker v. Bergh, 118 Minn. 316, 318, 136 N. W. 737 (1912); Bearman Fruit Co. v. Parker, 212 Minn. 327, 329, 3 N. W. 2d 501, 502 (1942). The best procedure would have been for defendant to apply for a stay of the state court proceedings until the discharge was granted. Nadler, Bankruptcy, § 809f. However, failure to request a stay does not constitute a waiver or forfeiture of subsequent opportunities to raise the discharge. Jackson v. Shaw, 20 Cal. App. 2d 740, 744, 68 P. 2d 310, 313 (1937); Breaux v. Boutin, 182 So. 2d 168, 170 (La. App. 1966); Yale University v. Weissman, 296 Mass. 239, 243, 5 N. E. 2d 444, 446 (1936); Strickland v. Brown, 19 Ga. App. 73, 90 S. E. 1039 (1916).

5. On December 1, 1970, judgment was entered in the Minnesota state court on the Utah judgment.

6. On April 21, 1971, the Federal court granted defendant's discharge in bankruptcy. This discharge operated against all debts and claims provable [3] against defendant unless within one of the categories of nondischargeable debts in § 17(a) of the Bankruptcy Act, 30 Stat. 550, as amended, 11 USCA, § 35(a).

7. On January 7, 1975, the Minnesota state court heard plaintiff's motion for a "determination * * * as to whether the judgment debt herein is discharged by the bankruptcy proceedings" and defendant's countermotion in opposition. [4] Plaintiff contended that the judgment was nondischargeable under § 17(a)(2) of the Bankruptcy Act because the underlying conversion was "willful and malicious." [5] It was plaintiff's burden to prove that the conversion was willful and malicious. Guindon v. Brusky, 142 Minn. 86, 89, 170 N. W. 918, 919 (1919). Either because plaintiff believed that the judgment had been found nondischargeable when defendant's amended answer was dismissed with prejudice on October 30, 1970, or because he believed that

[3] The Minnesota judgment entered on December 1, 1970, was provable even though dated after defendant filed his petition in bankruptcy. § 63(a)(5) of the Bankruptcy Act, 30 Stat. 562, as amended, 11 USCA, § 103(a)(5).

[4] Subsequent to the discharge, defendant could have applied to the court pursuant to Minn. St. 548.18 to have the December 1, 1970, judgment "satisfied of record." However, "the fact that a statute makes such a proceeding available to the ex-bankrupt does not mean that he cannot rely upon his discharge as a shield for lack of having employed it as a sword." 8 Remington, Bankruptcy (6 ed.) § 3245, p. 76.

[5] Plaintiff cites Tinker v. Colwell, 193 U. S. 473, 24 S. Ct. 505, 48 L. ed. 754 (1904), to the effect that the phrase "willful and malicious" requires only that the conversion have been intentional and without excuse. Defendant argues that a mere intentional conversion is not necessarily "willful and malicious," citing 8 Remington, supra, § 3331, p. 203. See, also, Rees v. Jensen, 170 F. 2d 348, 350 (9 Cir. 1948). Because of the disposition we make of this case, we need not decide that issue at this time.

the default judgment in Utah necessarily included a finding that the conversion was intentional as alleged in his complaint, plaintiff did not request an evidentiary hearing pursuant to Rule 43.05. However, as noted, the dismissal on October 30, 1970, was based on full faith and credit considerations. The dischargeability issue was ruled out rather than decided, so principles of res judicata would not apply. See, O'Neil v. Rueb, 215 Minn. 296, 298, 10 N. W. 2d 363, 364 (1943). Nor did the Utah judgment constitute a finding of intentional conversion which would be res judicata here. That default judgment contains no explicit findings. Of the facts alleged in the complaint, only those which are essential to the judgment are binding upon the parties in subsequent litigation. Annotation, 77 A. L. R. 2d 1410, 1426; 10B Dunnell, Dig. (3 ed.) § 5181; Travelers Ins. Co. v. McElroy, 359 F. 2d 529, 533 (9 Cir. 1966); Sodini v. Sodini, 94 Minn. 301, 102 N. W. 861 (1905). Thus, the default judgment is as consonant with a finding of technical conversion,[6] which would be dischargeable in bankruptcy. See, In re La Porte, 54 F. Supp. 911, 912 (W. D. N. Y. 1943); Robertson v. Interstate Securities Co. 435 F. 2d 784, 787 (8 Cir. 1971). Because plaintiff introduced no extrinsic evidence and relied upon the Utah judgment which was consonant with a finding of technical conversion, he did not sustain his burden of proof on the issue of nondischargeability. See, United States Fidelity & Guaranty Co. v. Tanner, 279 F. Supp. 396, 400 (D. Colo. 1968); Wichita City Teachers Credit Union v. Rider, 203 Kan. 552, 557, 456 P. 2d 42, 47 (1969).

8. On January 13, 1975, plaintiff's motion was denied and all legal process to execute on the December 1, 1970, judgment

---

[6] "* * * There may be a conversion which is innocent or technical, an unauthorized assumption of dominion without wilfulness or malice. * * * There may be an honest, but mistaken belief, engendered by a course of dealing, that powers have been enlarged or incapacities removed." Davis v. Aetna Acceptance Co. 293 U. S. 328, 332, 55 S. Ct. 151, 153, 79 L. ed. 393, 397 (1934). Here defendant showed by affidavit in support of his countermotion that he believed he had authority to use plaintiff's plane.

was quashed. As indicated, we are convinced that the evidence of record "reasonably tends to support" this decision. Straus v. Straus, 254 Minn. 234, 235, 94 N. W. 2d 679, 680 (1959). For this reason, we affirm. However, we do so without prejudice to plaintiff's right to move the trial court for a redetermination after an evidentiary hearing.

We are aware that defendant might oppose such a motion for redetermination on the ground that the issue has already been explicitly decided against plaintiff in a proceeding in which plaintiff could have requested a full hearing. Nevertheless, we think it better under the facts of this case to permit an evidentiary hearing. The principle of res judicata does not apply with equal strictness to orders made on motions. See, generally, 60 C. J. S., Motions and Orders, § 65g; 56 Am. Jur. 2d, Motions, Rules, and Orders, § 30.

Affirmed without prejudice to renewal of the motion.