Elmer JECKELL, Appellant

v.

Raymond ARKELL, Jr., et al., Respondents.

No. C3–85–173.

Court of Appeals of Minnesota.

Sept. 17, 1985.

J. Brian O'Leary, O'Leary & Moritz, Chtd., Springfield, for appellant.

Paul N. Muske, Muske, Muske & Boyle, Springfield, for respondents.

Heard, considered and decided by POPOVICH, C.J., and FOLEY and LESLIE, JJ.

## OPINION

LESLIE, Judge.

Appellant disputes numerous findings of the trial court in a partnership dissolution case where the court determined that appellant owes respondent over $14,000. Respondent also disputes some specific findings which he claims were clearly erroneous. We affirm.

## STATEMENT OF FACTS

Plaintiff-appellant, Elmer Jeckell, and defendant-respondent, Raymond Arkell, Jr., are brothers-in-law. Both are farmers, and from 1969 until the fall of 1980 they exchanged labor, machinery, and goods in their separate farming operations. From 1976 through 1979 they also ran a cattle operation as a partnership. They operated this partnership on property in which appellant's mother owned a life estate while appellant and respondent's wife each owned one-third remainder interests. In 1979 and 1980 the parties had a disagreement and discontinued both the partnership and the sharing of labor, machinery, and goods in their separate farming operations. They attempted to mutually agree to terms of a dissolution and an account of assets and liabilities, but their negotiations broke down.

After negotiations failed, appellant commenced this action against respondent and his wife for an accounting of assets and liabilities of the partnership and of their joint venture. The matter came to a three-day non-jury trial in July and August of 1984. Each party presented the court with memoranda containing approximately one hundred separate items for which each felt the court should award him damages. Each party's memoranda stated reasons why each of his claims should be allowed and why the other party's claims should be denied or only partially allowed. The court made determinations on each claim and found respondent owed appellant $43,-

908.72, while appellant owed respondent $58,848.04. Therefore, the court entered judgment in favor of respondent for $14,939.32.

In a memorandum accompanying the findings and order for judgment, the court stated that appellant had admitted many of his claims were not legitimate claims but were brought only because respondent had brought similar claims. The court also stated that the credibility of each party was seriously damaged by the animosities each had shown during the trial. Although the court did attach a handwritten worksheet which listed the amount awarded for each claim, the court did not explain the reasons for each determination.

Jeckell appeals the trial court's findings. Appellant contends the court erred in granting respondent damages for some of his claims. Appellant also contends the court erred in not granting him damages for numerous claims against respondent. Appellant alleges that the record shows a personality conflict between himself and the trial court which led the court to err on numerous items. Although appellant does not wish this court to review the whole trial, he alleges that the trial court was clearly erroneous in its ruling on thirty-one separate claims. Respondent generally agrees with the findings of the trial court, but he disputes a "limited number" of claims on which he feels the court erred.

## ISSUE

Did the trial court commit reversible error in allowing certain claims of respondent and denying other claims of appellant?

## ANALYSIS

■ We must begin by noting the limited scope of our review in this case. The parties allege that the trial court, sitting without a jury, made errors in its determination of facts. Because the trial court was in a much better position to weigh all of the evidence and judge the credibility of the witnesses, this court will overrule its findings only if they were clearly erroneous.

*See Noehl v. Midwest Empire, Inc.*, 298 Minn. 565, 566, 215 N.W.2d 487, 488 (1974).

Although appellant claims the trial court erred in its findings on approximately thirty separate items, his major complaints concern three areas. First, he feels the court erred in allowing respondent to be paid custom rates for work he did while appellant was paid a lower rate for similar work. Second, he feels the court erred in allowing two of respondent's claims for fuel when all of his claims for fuel were denied. Finally, he feels the court erred in allowing two of respondent's claims for repairs for equipment, while denying all of appellant's claims for similar repairs.

The trial court awarded both parties damages for their labor, but awarded respondent more money for his labor. Both parties testified that they did similar work for the other, including silage, chopping, and stacking. The court awarded respondent damages at the custom rate while appellant received damages at a lower rate. Appellant complains the court erred in awarding respondent the custom rate for this work while awarding him only a fraction of the custom rate.

■ The problem with appellant's argument is that he admitted at trial that he had previously done similar work for respondent and that he had charged respondent the amount which the court awarded him. Because appellant was awarded the amount which he had previously charged respondent, it was not clearly erroneous to award appellant that amount. Nor was it clearly erroneous to award respondent the custom rate because the custom rate is merely the fair market value for that labor.

Next, the court granted respondent damages for two fuel bills. The parties had an agreement to use each other's fuel, marking how much they used and settling their differences at the end of the year. Both parties brought claims for fuel used by the other, and the trial court denied all but two of respondent's claims. Appellant argues that it is not fair that the trial court disallowed his claims but allowed respondent's identical claims.

■ Although it would seem unfair to award one party damages for one item and deny the other party damages for the same item, that is not the case here. The court denied claims for fuel which both parties generally had on hand and which was used in the daily operation of their farms. The parties basically traded this daily fuel, keeping inaccurate records of their use and attempting to settle their differences at the end of each year. Respondent testified at some length on the items which were allowed. His testimony showed these claims were different from the ordinary fuel claims disallowed by the court. Appellant argued then and now that all fuel bills, including the ones allowed, were settled yearly. The trial court obviously believed respondent. We cannot say this was clearly erroneous.

Finally, the court awarded respondent damages for repairs to two pieces of respondent's equipment which were damaged. Both parties brought numerous claims for repairs of equipment that was damaged during their farming operations. The trial court denied recovery for all but two of the claims. Appellant claims it was clearly erroneous to allow recovery on these two items while not allowing any of his numerous claims for repairs.

■ Appellant's argument has a fatal flaw as there is a logical distinction between the claims which the court allowed and those which were denied. The repairs which were denied resulted from normal use of the equipment. With the repairs which were allowed, respondent testified that appellant caused the damage by his reckless or intentional misuse of respondent's equipment. This fact distinguishes these two claims from those which were denied, so we cannot say that the trial court was clearly erroneous.

■ Appellant brought numerous other claims, mainly because he felt the damages awarded to respondent were too speculative. Although many of these items were not supported with written receipts or mathematical formulas, it must be noted that neither party kept very accurate records. Most of the claims presented were based on the oral testimony of the parties. The trial court obviously found respondent's testimony more credible than appellant's general verbal denials. It is not for this court to overrule the trial court for believing one witness and not the other. *See Carpenter v. Birkholm*, 242 Minn. 379, 386, 65 N.W.2d 250, 254 (1954).

Respondent also appeals a "limited number" of claims on which he feels the trial court erred. Most of the items need not be discussed because they are either meritless or the trial court obviously believed appellant's testimony. Respondent's most compelling complaint concerns a silo that the parties operated together on land that appellant now uses. The trial court ordered the silo sold if the parties could not agree to a buy-out. Respondent argues that this is inequitable because the silo would bring a small sale price, and the purchaser would have to tear the silo down, transport it to another farm, and then rebuild it. Furthermore, respondent claims appellant will have an unfair advantage in purchasing the silo because it is on property that appellant now uses.

■ Although respondent's argument has some merit to it, it too must fail. Given the animosities between the two parties, it is clear that they cannot work together with the silo. This, along with the fact that the silo is not easily moveable, forecloses many remedies. Even if appellant purchases the silo for a low price, the silo would probably be considered a fixture on the land in which respondent's wife owns a remainder interest. Therefore, appellant would only have exclusive use of the silo for as long as the present life estate lasts. Because of this, we cannot say the court erred in ruling as it did.

## DECISION

Because we find sufficient evidence to conclude that the trial court was not clearly erroneous in its findings, we affirm.