# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-1638

_____

Curtis L. Nelson; Ethel A. Nelson

*Plaintiffs - Appellants*

v.

American Home Assurance Company

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: October 16, 2012
Filed: December 6, 2012
[Published]

_____

Before RILEY, Chief Judge, COLLOTON and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Curtis and Ethel Nelson entered into a stipulated judgment with Metropolitan Council ("Metro Council") to recover damages sustained during a construction project. The Nelsons then filed suit against Metro Council's insurer, American Home Assurance Company ("American Home"), to collect on the judgment. On cross-

motions for summary judgment, the district court[1] entered judgment in favor of American Home, holding that the Nelsons did not present evidence to establish that Metro Council's liability was covered by the American Home policy. The Nelsons now appeal, arguing that the district court erred in requiring them to present evidence of coverage. We affirm.

I.

In 2005, Metro Council, a state-chartered regional planning agency for the Minnesota Twin Cities metropolitan area, announced plans to upgrade the Blue Lake Interceptor Sewer System. Part of the project was to take place near Curtis and Ethel Nelson's home in Excelsior, Minnesota. Metro Council selected S.M. Hentges & Sons, Inc. ("Hentges") as its general contractor. Hentges obtained a general commercial liability policy from American Home and named Metro Council as an additional insured. American Home agreed to insure Hentges against "property damage" that was caused by an "occurrence." The policy defined "property damage" as "physical injury to tangible property, including all resulting loss of use of that property," or "loss of use of tangible property that is not physically injured." It defined "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general or harmful condition." Because Metro Council was an "additional insured," the policy limited its coverage to "liability arising out of [Hentges's] operations."

Construction began near the Nelsons' home in the fall of 2007 and did not go smoothly. In a March 25, 2008 letter, Metro Council acknowledged that the Nelsons suffered property damages, and in an April 18, 2008 letter, it proposed to mitigate those damages by repairing the property once the project was completed. In April

---

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

2010, the Nelsons sued both Metro Council and Hentges in Minnesota state court, seeking to recover property damages under theories of strict liability, trespass, nuisance, negligence, and indemnification. They also sued Metro Council alone for breach of contract, claiming it failed to honor its promises to repair their property. Metro Council tendered its defense to Hentges's insurer, American Home, which initially agreed to defend Metro Council as an additional insured, subject to a reservation of rights. The parties began discovery, and Metro Council and Hentges subsequently moved for summary judgment based on the statute of limitations.[2] The Nelsons asserted estoppel against Metro Council, arguing that they relied on the letters Metro Council sent as promises to mitigate their property damages. The state court subsequently granted Hentges's motion for summary judgment but denied Metro Council's motion, finding a question of fact as to whether the Nelsons had relied on the letters. After Hentges was dismissed from the case, American Home notified Metro Council that it would deny coverage and would no longer provide legal representation.

The Nelsons settled with Metro Council, which agreed to pay the Nelsons $250,000 and to stipulate to a *Miller-Shugart* judgment for $900,000.[3] As part of the judgment, Metro Council assigned all of its claims against American Home to the Nelsons. The parties agreed that the settlement amounts were "all for claimed

---

[2] *See* Minn. Stat. § 541.051 subd. 1(a) (requiring plaintiffs to bring claims alleging damages based on services or construction to improve real property within two years of discovering the injury). The Nelsons discovered their damages in March 2008 and filed suit in April 2010.

[3] Under Minnesota law, a *Miller-Shugart* judgment allows the plaintiff in an underlying action to pursue a direct claim against the defendant's insurer. The insured defendant assigns any claims it has against the insurer to the plaintiff, and the plaintiff releases the insured defendant from further liability. Once the court enters the stipulated judgment, the plaintiff proceeds in a garnishment action against the insurer. *See Miller v. Shugart*, 316 N.W.2d 729 (Minn. 1982).

damages because of physical injury to tangible property of [the Nelsons], including resulting loss of use of that property, caused by an accident, including continuous or repeated exposure to substantially the same general harmful conditions, arising out of Hentges'[s] operations." This language closely tracks the language in the American Home policy.

Before the court entered judgment, Metro Council sent a copy of the proposed judgment to American Home along with notice of a hearing, at which American Home did not appear. The state court entered judgment on May 3, 2011. On May 4, 2011, the Nelsons filed suit in federal district court to collect its judgment from American Home. On May 5, 2011, the Nelsons moved for partial summary judgment on the issue of whether the policy covered their damages. In response, American Home sought a continuance, requesting time for discovery so that it could evaluate whether the policy covered Metro Council's liability. *See* Fed. R. Civ. P. 56(d). It argued, among other things, that coverage depended on whether there was an "occurrence," and it sought discovery into "the factual basis for the *Miller v. Shugart* settlement's assertion that the allocated damages result[ed] from physical injury to Plaintiffs' property 'caused by an accident,' which is relevant to the determination of an 'occurrence' under the policy." The Nelsons countered that no discovery was needed because the *Miller-Shugart* judgment determined coverage. The district court granted the continuance, noting the existence of "numerous threshold coverage issues."

The parties subsequently filed cross-motions for summary judgment on the coverage issue. American Home argued that its policy did not cover Metro Council's liability because the liability did not arise out of Hentges's operations. Rather, it claimed that the liability arose out of Metro Council's own act of sending letters to the Nelsons, in which Metro Council acknowledged the property damages and agreed to be responsible for repairs. The Nelsons, on the other hand, argued that the *Miller-Shugart* judgment alone proved coverage. The district court subsequently granted

-4-

American Home's motion, determining that the Nelsons had the burden to show that American Home's policy covered their damages in order to enforce the *Miller-Shugart* judgment. The court held that the Nelsons' claim failed because they did not present any evidence to establish the existence of an "occurrence" within the meaning of the policy. The Nelsons then filed a motion to reconsider, which the district court denied, finding that the Nelsons failed to demonstrate the compelling circumstances required to allow reconsideration. *See* D. Minn. R. 7.1(j). The Nelsons now appeal the district court's grant of summary judgment to American Home and the denial of the motion to reconsider.

II.

"We review a grant of summary judgment *de novo*." *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005). Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Hutson v. Walker*, 688 F.3d 477, 483 (8th Cir. 2012). The parties agree that we should apply Minnesota's substantive law.

While a *Miller-Shugart* judgment settles the issue of the underlying defendant's liability to the plaintiff, it does not resolve the question of whether the insurance policy provides coverage for that liability. Rather, coverage is a threshold issue that the court must address before deciding whether the stipulated judgment is enforceable. *Corn Plus Co-op. v. Cont'l Cas. Co.*, 516 F.3d 674, 678-79 (8th Cir. 2008); *Alton M. Johnson Co. v. M.A.I. Co.*, 463 N.W.2d 277, 279 (Minn. 1990) ("[I]f there is found to be no coverage for the *Miller-Shugart* judgment, that ends the matter."). In *Miller v. Shugart*, the Minnesota Supreme Court noted that notwithstanding the settlement between the plaintiff and the underlying defendant, the insurer could still avoid a garnishment action if it prevailed on the issue of coverage: "If the insurer ignores the 'invitation' to participate in the settlement

-5-

negotiations, it may run the risk of being required to pay, even within its policy limits, an inflated judgment . . . . Of course, the insurer escapes the risk if it should be successful on the coverage issue, and, in that event, it is plaintiff who loses." 316 N.W.2d at 734.

Coverage is determined by the terms of the insurance policy. *Wanzek Constr., Inc. v. Employers Ins. of Wausau*, 679 N.W.2d 322, 327 (Minn. 2004). "While the insured bears the initial burden of demonstrating coverage, the insurer carries the burden of establishing the applicability of exclusions." *Travelers Indem. Co. v. Bloomington Steel & Supply Co.*, 718 N.W.2d 888, 894 (Minn. 2006). "To establish or trigger coverage under an occurrence-based policy, 'an insured must demonstrate that damage "occurred" while the policy was in effect.'" *Parr v. Gonzalez*, 669 N.W.2d 401, 406 (Minn. Ct. App. 2003) (quoting *N. States Power Co. v. Fid. & Cas. Co.*, 523 N.W.2d 657, 659-60 n.3 (Minn. 1994)).

Despite bearing the burden of demonstrating coverage, the Nelsons submitted no evidence in support of their motion for summary judgment to establish that the damage to their home was caused by a covered occurrence; that is, they presented no evidence that their property damage was caused by an accident arising out of Hentges's operations.[4] While the Nelsons believe that the *Miller-Shugart* judgment alone supplies adequate proof of coverage, Minnesota law makes clear that the judgment only resolves Metro Council's liability to the Nelsons. It is not conclusive on whether the policy covers that liability. Contrary to the Nelsons' argument, no

---

[4]The Nelsons later did submit evidence relevant to coverage when they moved for summary judgment on the separate issue of American Home's duty to defend Metro Council. However, that evidence was not before the district court when it ruled on the cross-motions for summary judgment now before us, so we cannot consider it. *See ACLU of Minn. v. Tarek ibn Ziyad Acad.*, 643 F.3d 1088, 1095 (8th Cir. 2011) ("Generally, we cannot consider evidence that was not contained in the record below when the district court rendered its decision.").

*Miller-Shugart* case has made a finding of coverage without requiring the plaintiff to produce some evidence that the loss was actually covered by the policy. *See Corn Plus Co-op. v. Cont'l Cas. Co.*, 444 F. Supp. 2d 981, 987-91 (D. Minn. 2006) (finding coverage only after plaintiff submitted affidavits and other evidence supporting coverage), *aff'd* 516 F.3d 674 (8th Cir. 2008); *FDIC v. Gordinier*, 783 F. Supp. 1181, 1182-86 (D. Minn. 1992) (enforcing *Miller-Shugart* judgment against insurer only after extensive findings of fact regarding coverage), *rev'd on other grounds sub nom. FDIC v. St. Paul Fire & Marine Ins. Co.*, 993 F.2d 155 (8th Cir. 1993); *Alton M. Johnson Co.*, 463 N.W.2d at 278 (enforcing *Miller-Shugart* judgment against insurer after a separate trial to establish coverage); *Miller*, 316 N.W.2d. at 732 (same). The Nelsons presented no evidence that their damages were caused by an occurrence arising out of Hentges's operations, and therefore they did not create a question of fact on the issue of coverage.[5] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (holding that "where the nonmoving party will bear the burden of proof at trial on a dispositive issue," it must "designate 'specific facts showing that there is a genuine issue for trial'" to avoid summary judgment (quoting Fed. R. Civ. P. 56)).

For the first time on appeal, the Nelsons also rely on two cases to argue that, as a general principle, an insurer must provide coverage for its insured's settlements whether or not the plaintiff establishes coverage. *See In re Silicone Implant Ins. Coverage Litig.*, 667 N.W.2d 405 (Minn. 2003); *Butler Bros. v. Am. Fid. Co.*, 139 N.W. 355 (Minn. 1913). Normally, we do not consider arguments raised for the first time on appeal. *See Trs. of Electricians' Salary Deferral Plan v. Wright*, 688 F.3d 922, 926 (8th Cir. 2012) ("[A] party cannot assert arguments that were not presented to the district court in opposing summary judgment in an appeal contesting an adverse

_____

[5]The Nelsons argue that in American Home's letter to Metro Council denying coverage, it acknowledged that the Nelsons' damages were caused by an occurrence arising out of Hentges's operations. That letter, however, merely summarized the allegations in the Nelsons' state court complaint. It provided no actual evidence of an "occurrence."

grant of summary judgment." (quoting *Cole v. Int'l Union*, 533 F.3d 932, 936 (8th Cir. 2008))). Regardless, neither *Silicone* nor *Butler* deals with a *Miller-Shugart* judgment, and neither case holds, as the Nelsons contend, that an insurer must provide coverage for its insured's settlements. Rather, each case required the insured to prove coverage before determining the insurer had a duty to indemnify. *See Silicone*, 667 N.W.2d at 415-17 (deciding whether the injuries leading to the insured's settlement triggered coverage under the insurance policy); *Butler*, 139 N.W. at 360 (finding insurer had duty to indemnify only after "[p]laintiff proved that the accident was within the terms of the policy").

Accordingly, we affirm the district court's grant of summary judgment to American Home.

### III.

We also affirm the district court's denial of the Nelsons' motion to reconsider. The Federal Rules of Civil Procedure do not account for "motions to reconsider." "However, we have determined that motions for reconsideration are 'nothing more than Rule 60(b) motions when directed at non-final orders.'" *Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006) (quoting *Anderson v. Raymond Corp.*, 340 F.3d 520, 525 (8th Cir. 2003)). The Nelsons' motion to reconsider was directed at a non-final summary judgment order because that order resolved only part of their dispute with American Home. *See supra* note 4; *Auto Servs. Co. v. KPMG, LLP*, 537 F.3d 853, 856 (8th Cir. 2008) ("[A]n order dismissing fewer than all claims or parties is generally not a final judgment."). Therefore, we consider the Nelsons' motion to reconsider as we would a Rule 60(b) motion. We review the denial of a Rule 60(b) motion for an abuse of discretion. *Minn. Supply Co. v. Raymond Corp.*, 472 F.3d 524, 534 (8th Cir. 2006). "Such a motion is to be granted only in exceptional circumstances requiring extraordinary relief." *Id.*

In their motion for reconsideration, the Nelsons cite expert reports created for the underlying litigation and claim that they prove coverage. The Nelsons argue that they did not provide the reports with their motion for summary judgment, however, because they did not know that American Home would argue they had to prove coverage and that the district court would expect them to present evidence of an occurrence to prove coverage. But these reasons do not amount to exceptional circumstances that warrant reconsideration. Rule 60 does allow the district court to relieve a party from a judgment or order if the party offers "newly discovered evidence." Fed. R. Civ. P. 60(b)(2). However, the Nelsons did not attempt to offer "newly discovered evidence" because, by their own admission, the expert reports that they claim could establish coverage were available when they initially moved for summary judgment on coverage. *See Kaufman v. Van Santen*, 696 F.2d 81, 83 (8th Cir. 1983) (finding that the district court did not abuse its discretion in denying a Rule 60(b) motion when the proffered "new evidence" was "readily and equally" available to the appellant prior to trial). In addition, the Nelsons' claim of surprise is disingenuous. Both American Home's Rule 56(d) motion for a continuance and the district court order granting the continuance put the Nelsons on notice that coverage was indeed a threshold issue. When the Nelsons re-filed their motion after the continuance, they again presented no evidence that would tend to prove an occurrence. The district court acted within its discretion in denying the Nelsons' motion to reconsider.

## IV.

For the foregoing reasons, we affirm the grant of summary judgment to American Home as well as the denial of the Nelsons' motion to reconsider.

_____