**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50510 |
| Plaintiff - Appellee, | D.C. No. 3:07-cr-01314-BTM-1 |
| v. | |
| CATARINO MINERO-ROJAS, AKA Catalina Minero-Rojas, | MEMORANDUM* |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50511 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-03253-BTM-1 |
| v. | |
| CATARINO MINERO-ROJAS, AKA Catalina Minero-Rojas, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Barry T. Moskowitz, District Judge, Presiding

---

       \*    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted February 5, 2014
Pasadena, California

Before: SCHROEDER and CLIFTON, Circuit Judges, and TUNHEIM, District Judge.[**]

Catarino Minero-Rojas appeals his conviction for illegal reentry. He unsuccessfully attempts to challenge each of his three removals.

Minero argues his 1997 removal was invalid because he never had an adequate opportunity to develop his claim for derivative citizenship. The Immigration Judge ("IJ"), however, repeatedly asked Minero if he wanted to pursue a derivative citizenship claim, and Minero declined. There was no unfairness. *See United States v. Melendez-Castro,* 671 F.3d 950, 954 (9th Cir. 2012).

Minero also argues that the IJ failed to inform him of his right to seek discretionary relief under the former § 212(c) of the Immigration and Nationality Act. Failure to inform an alien of a possible avenue of relief renders a subsequent removal invalid only if the alien suffered prejudice. *See United States v. Ubaldo-Figueroa,* 364 F.3d 1042, 1047–48 (9th Cir. 2004). Minero cannot show that he had a "plausible" claim for discretionary relief. *United States v. Rojas-Pedroza*,

---

[**] The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, sitting by designation.

716 F.3d 1253, 1262 (9th Cir. 2013).  His substantial criminal record would have required him to demonstrate the existence of "outstanding equities" in his favor. *United States v. Gonzalez-Valerio*, 342 F.3d 1051, 1056–67 (9th Cir. 2003).  Minero's lengthy residence in the United States and the fact that his family also resides here are not sufficient.  *See id.* at 1057.  Minero argues that the IJ never informed him of his right to appeal, but Minero cannot demonstrate any arguments he would have asserted.  He therefore cannot show prejudice.  *See Ubaldo-Figueroa,* 364 F.3d at 1047–48.

Minero was also subject to expedited removals in 2004 and 2007, both of which he challenges on due process grounds.  Though he alleges that he was never informed of his right to withdraw his application for admission, that does not constitute a due process violation in the expedited removal context.  *United States v. Sanchez-Aguilar*, 719 F.3d 1108, 1112 (9th Cir. 2013).  He also argues that the immigration officers should have referred him to an IJ for a hearing to determine whether he was a derivative citizen.  Minero has never asserted a claim of derivative citizenship even though having been previously advised that he might do so.  *See United States v. Gomez,* 732 F.3d 971, 983 (9th Cir. 2013) (defendant bears the burden of showing prejudice).

3

Finally, Minero alleges that the immigration officers at both his 2002 and 2007 proceedings failed to strictly comply with the regulations governing expedited removal proceedings. *See* 8 C.F.R. § 1235.3(b)(2)(i). He points to no more than technical errors that do not give rise to a due process violation. *See United States v. Mendez-Casillas*, 272 F.3d 1199, 1205 (9th Cir. 2001) (holding that a clerical error is not sufficient to render an otherwise proper removal invalid). Minero does not attempt to explain how these discrepancies prejudiced him or affected the integrity of the proceedings in any way.

**AFFIRMED**.